NATIONAL ELECTRIC SIGNALING CO. et al. v. UNITED STATES.

No. 34664.

Court of Claims.

May 3, 1943.

Jo. Baily Brown, of Pittsburgh, Pa., for plaintiffs.

Clifton V. Edwards, of New York City, and Francis M. Shea, Asst. Atty. Gen. (J. F. Mothershead and T. Hayward Brown, both of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, JONES, and MADDEN, Judges.

LITTLETON, Judge.

The inventions covered by the patents in suit and used by the defendant during the accounting period from September 9, 1914, to April 6, 1917, while it controlled and operated the wireless telegraph station at Tuckerton, New Jersey, are explained and described in the findings herein, particularly findings 7 to 13, inclusive, and finding 10 of the findings and opinion promulgated March 13, 1933, 77 C.C. 87. The heterodyne patents in suit were basic or pioneer in character, and the inventions covered therein have been of great value in the radio art.

The parties differ widely as to the amount of reasonable and entire compensation which should be allowed for the use by the defendant during the accounting period of the heterodyne patents in suit. The defendant contends that a royalty of 10% of the cost of heterodyne receivers used, or a principal sum of $300, should be allowed. Plaintiffs ask for $90,721.41 plus a reasonable rate of interest as a part of the entire compensation to be allowed under the act of June 25, 1910, arrived at on the basis of 6 cents per paid word received by the wireless telegraph station at Tuckerton during the accounting period and 3 cents per paid word sent from that station. See findings 19–21. During the period of commercial operation under the supervision of the Navy Department of the United States, the Tuckerton Station received from Eilvese, Germany, 876,788 paid words and transmitted to Eilvese 1,270,471 paid words. The toll rate charged for commercial messages sent from Tuckerton to Germany during the accounting period was fifty cents per paid word, which included the cost of local-wire telegraph delivery to the addressee. The international custom during the period 1914 to 1917 was for corresponding wireless telegraph stations to charge equal rates in both directions. The United States did not operate the Tuckerton Station for profit and the United States did not receive any of the income or profits derived from operation thereof. See finding 17 herein and finding 16 of the original findings of March 13, 1933, (77 Ct.Cl. 87). The expense of the Navy personnel in charge of control and operation of the station appears to have been borne by the United States without reimbursement, which expense amounted to about $40,000 a year.

Upon consideration of the entire evidence submitted by the parties, we are of opinion that the amount of compensation claimed by plaintiffs, and the basis thereof, cannot be allowed and that, in the circumstances, a proper measure of the reasonable and entire compensation to which the owner of the patents is entitled is a reasonable royalty based on the cost to the government of the radio receivers embodying the heterodyne inventions covered by the patents in suit. See finding 22.

In a companion case, National Electric Signaling Company, et al., v. U. S., C–26, Ct.Cl., 49 F.Supp. 754, decided this date, and relating to reasonable compensation for the same patents as are herein involved, we have found a reasonable royalty to be 18 percent of the cost of receivers when the same are exclusively used for heterodyne reception. Having established this measure of compensation, it is properly applicable to all of defendant's receivers thus used, and we accordingly find that a fair and reasonable royalty for the use by the defendant of a minimum of six receiving sets at the Tuckerton, New Jersey, station for utilizing the inventions of the patents in suit is 18 percent of the cost of the sets where the receivers were used entirely for heterodyne reception, as was the case at the Tuckerton Station. The

cost of the six receivers was $500 each, or a total of $3,000. See findings 26 and 27.

 Judgment will therefore be entered in favor of the International Devices Company for $540, together with an additional amount measured by a reasonable rate of interest at 5 percent per annum, not as interest but as a part of the entire or just compensation from September 9, 1914, until paid. It is so ordered.

WHALEY, Chief Justice, and MADDEN, Judge, concur.

JONES and WHITAKER, Judges, took no part in the decision of this case.